1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   GEO. M. MARTIN COMPANY, a
     California corporation, and THE
11   MARTIN FAMILY TRUST – 1989,              No. C 07-00692 WHA
12           Plaintiffs,
13       v.                                   **OMNIBUS ORDER ON
                                              MOTIONS *IN LIMINE*
14   ALLIANCE MACHINE SYSTEMS                 (FINAL)**
     INTERNATIONAL, LLC, a Wyoming
15   corporation,
16           Defendant.
17   _____/
18
19        This is a final ruling on all motions *in limine*.  Counsel are free to argue for and against
     the tentatives at the final pretrial conference, subject to time limits.
20
                       **PLAINTIFFS' MOTION *IN LIMINE* NO. 1 (SURVEY):**
21
22        **GRANTED** as to survey.  Expert did not conduct survey.  Instead, it was spoon-fed to
23   expert by counsel and client.  Usage is fact-based, not for expert opinion.  Important factual
24   points should not be proven through experts spoon-fed by wholly biased sources.  If the
25   underlying fact witnesses were timely disclosed under Rule 26, then *they* may be called.
26   Defense counsel sandbagged plaintiffs' counsel as well by cloaking this "survey" in a claim of
27   privilege until after fact discovery had closed.  Experts, however, can testify as to how the range
     of usage (otherwise in evidence) would inform the damage analysis.
28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 (ANDERSON/VISY):**

**GRANTED**.  The efficacy of the Visy machine must be proven up via fact witnesses, not via the speculation of Anderson.  The basis of his speculation is too remote and too flimsy to be admissible under Rule 403.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 (STAUFFER):**

**DENIED WITHOUT PREJUDICE** to question-by-question objections.  The criticisms of Stauffer are best brought out on cross-examination.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 (*FORDE* LAWSUIT):**

The *Forde* lawsuit will be excluded subject to possible allowance as to the issues of the safety lockout system and the warranty expenses, both of which must be cleared first with the judge before referencing before the jury.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 (SCOTT);**

The Scott declaration may not be used for any purpose, including by any expert due to Scott's refusal to appear for a deposition and to be cross-examined.  Whether Scott would be allowed to testify live would depend on factors not fully explained.  If and when he shows up live in court, we will hold a hearing out of the presence of the jury on whether to allow his testimony.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 6 (TECASA):**

**DENIED**.  Plaintiffs are wrong in asserting that they have conclusively carried their burden to establish by clear and convincing evidence an invention date earlier than their own presumed date of invention, much less, the date of the Tecasa patent.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 7 (VISY, '267 PATENT):**

**DENIED WITHOUT PREJUDICE** to question-by-question objections.

Plaintiffs' motion to strike portions of the Stauffer report dealing with Mr. Hubrecht is **GRANTED**, for reasons stated at the hearing and in the motion.

*          *          *

**DEFENDANT'S MOTION *IN LIMINE* NO. 1 (KARVELIS):**

**DENIED**.  The Liberty video testimony and doctrine of equivalents analysis presented in the Karvelis reply report are offered to rebut specific material in Stauffer's expert report which could not have been anticipated by Karvelis when his opening report was filed.  Stauffer has testified that he only came up with his non-infringement argument for the "bundle breaking plane" limitation after Karvelis filed his opening expert report (Stauffer Dep. 127:20–128:4).  Significantly, Alliance did not even request "bundle breaking plane" or "gap" — the key terms Alliance objects to in the reply report — to be construed at the claim construction hearing.  Only on Alliance's motion for summary judgment of non-infringement were these terms even an issue.  Even then, Alliance's proposed construction was rejected.

**DEFENDANT'S MOTION *IN LIMINE* NO. 2 (SILVERMAN):**

**PROVISIONALLY GRANTED** as to reasonable royalty and allocation among plaintiffs.  The issue of whether George M. Martin Company is an exclusive licensee was obvious from Day One.  Plaintiffs should have prepared a reasonable royalty analysis as an alternative in their main analysis.  To sneak it in the "reply" report for the first time was sandbagging and unjustified.  Plaintiffs are wrong to try to blame defendants for raising an obvious issue and then to assign it as good cause for late submission.  The Court will, however, revisit the issue when the time comes for plaintiffs' rebuttal case to see if any of the equities have changed such that Silverman may return and testify on rebuttal.  Silverman may, however, correct the double-counting error in his opening.

**DEFENDANT'S MOTION *IN LIMINE* NO. 3
(CONCEPTION AND REDUCTION TO PRACTICE DOCUMENTS):**

**GRANTED** as follows:

Local Patent Rule 3.2(b) required plaintiff to produce "all documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application for the patent in suit . . . ."  Plaintiffs identified ten pages in this category, numbered MART 157–66.  This was never amended.  These, then, shall be the only *documents* advanced by plaintiffs to prove an earlier date of invention.

**United States District Court**
For the Northern District of California

1      It may well be that plaintiffs produced other documents in discovery that arguably bear

2  on the issue but they were not designated as such.  Those documents may or may not come in

3  for other purposes but they may not be advanced and offered for the purpose of proving an

4  earlier invention date.  The rule has a very clear purpose — to make plain the specific

5  documents that will be used to corroborate an earlier invention date.  This should not and

6  can not be defeated at trial by advancing other isolated documents in the discovery universe to

7  beef up the earlier-invention timeline.  Plaintiffs have not carried their burden to show the

8  Rule 3.2(b) violation was harmless or substantially justified.

9      This ruling does not, however, preclude *testimony*.  That will have to be determined

10  question-by-question.  Nor does this ruling preclude plaintiffs from trying to prove an earlier

11  date of invention.  It does preclude plaintiffs from relying on any *documents* other than

12  MART 157–66 to prove an earlier date of invention.

13  **DEFENDANT'S MOTION *IN LIMINE* NO. 4 (*BB-III V. QUICKBREAK*):**

14  **GRANTED**.  One of the worst abuses in patent cases is to dazzle the jury with the

15  similarities between the competing machines, rather than comparing the accused machine

16  against the claims in suit.  While the *Quickbreak* made by Martin may be referenced, it may not

17  be shown to the jury absent advance clearance by the Court.

18  **CONCLUSION**

19      All counsel must be aware that a denial of a motion *in limine* does *not* mean that an

20  issue has been ruled *into* a trial.  Rather, it means that it will not be ruled *out* of the trial on the

21  specific ground raised in the motion.  Counsel must also be aware that when a motion *in limine*

22  is granted to exclude evidence, counsel winning the motion may open the door to its admission

23  via conduct that would make it unfair to continue to exclude it.

24

25

26

27

28

We will first try the issue of whether George M. Martin Company was an exclusive licensee when this suit commenced.  Once a verdict or finding is made on that issue, we will finish the rest of the trial.  Whether this will be submitted to the jury is yet to be decided.

**IT IS SO ORDERED.**

Dated:  May 6, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5