1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   GEO. M. MARTIN COMPANY, a California
     corporation, and THE MARTIN FAMILY
11   TRUST – 1989,                                    No. C 07-00692 WHA

12              Plaintiffs,

13        v.                                          **ORDER RE TRIAL ON
                                                      STANDING**
14   ALLIANCE MACHINE SYSTEMS
     INTERNATIONAL, LLC, a Wyoming
15   corporation,

16              Defendant.

17   _____/

18         The order dated April 30, 2008, denying defendant's motion for summary judgment that

19   plaintiff George M. Martin Company lacks standing stated, "[m]ost likely, the issue of the

20   company's standing to sue will be tried first with the infringement case to follow" (Dkt. 187).

21   The parties were invited to address whether the exclusive-licensee issue was one for the Court

22   or one for the jury.  Defendant submitted a brief memorandum explaining the question was one

23   for the Court.  Plaintiffs then argued that the issue of standing was intertwined with the

24   substantive issues of the case thereby making it a question for the jury.  After reviewing the

25   briefing submitted by plaintiffs, however, the Court finds that the facts relating to the  standing

26   issue are *not* intertwined with the other substantive issues of the case as defined under Federal

27   Circuit law.  In particular, the Court finds the issue of whether George M. Martin Company is

28   an exclusive licensee separate and distinct from the issues of obviousness and royalty

calculations cited by plaintiffs.  Accordingly, the Court will first hear evidence on the standing

issue, resolve it, and then the remaining portion of the case will proceed to a jury.

**IT IS SO ORDERED.**

Dated:  May 7, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2